20-1301
*Perez v. City of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand twenty-one.

PRESENT:
    RICHARD C. WESLEY,
    SUSAN L. CARNEY,
    WILLIAM J. NARDINI,
        *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 04 2021

_____

GIL V. PEREZ,

    *Plaintiff-Appellant*,

    v.                                        No. 20-1301

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF
CITYWIDE ADMINISTRATIVE SERVICES,

    *Defendants-Appellees*.
_____

FOR PLAINTIFF-APPELLANT:    STEPHEN BERGSTEIN, Bergstein & Ullrich, New Paltz, NY.

FOR DEFENDANTS-APPELLEES:    CLAIBOURNE HENRY (Richard Dearing Scott Shorr, *on the brief*), *for* James E.

Johnson, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 18, 2020, is **AFFIRMED**.

In August 2016, Plaintiff-Appellant Gil Perez sued his former employer, the City of New York and its Department of Citywide Administrative Services ("DCAS," together with the City, "Defendants"), alleging various claims of discrimination and retaliation. Here, Perez appeals part of an order and the judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*), dismissing Perez's claim that the Defendants retaliated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We analyze ADA retaliation claims under the familiar three-part burden shifting analysis first set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The District Court dismissed Perez's claim at the first step of this inquiry, which requires a plaintiff to establish a *prima facie* retaliation claim by showing "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010).[1] A plaintiff bears only a minimal burden in making this *prima facie* showing. *See id.*; *see also Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) ("A plaintiff's burden at this prima facie stage is *de minimis*.").

---

[1] Unless otherwise noted, in quoting caselaw this Order omits all alterations, citations, footnotes, and internal quotation marks.

No party disputes that Perez established the first three elements of the *prima facie* claim. The District Court granted summary judgment to Defendants and dismissed Perez's claim based on the fourth element alone: No reasonable jury could find the requisite causal connection between Perez's protected activity and Defendants' decision to terminate his employment. *Perez v. City of New York*, No. 16-CV-7050, 2020 WL 1272530, at *17 (S.D.N.Y. Mar. 16, 2020).

Courts should exercise "caution about granting summary judgment to an employer in a discrimination case where . . . the merits turn on a dispute as to the employer's intent." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). Although we review the grant *de novo*, *Hicks*, 593 F.3d at 166, our role is limited: We "determine only whether proffered admissible evidence would be sufficient to permit a rational finder of fact to infer a retaliatory motive." *Id.* at 164.

On such review, we agree with the District Court's analysis. Perez has failed to adduce sufficient evidence for a jury to infer causation. To show causation, he relies on the temporal proximity of his protected activity—his accommodation request on October 15, 2015—and his termination approximately six months later, in April 2016. But as we explained in *Slattery v. Swiss Reinsurance America Corp.*, 248 F.3d 87 (2d Cir. 2001), temporal proximity between a plaintiff's protected activity and a defendant's adverse employment determination will not suffice as a basis for inferring causation if the adverse employment determination was "both part, and the ultimate product, of an extensive period of progressive discipline" that began before the plaintiff's protected activity. *Id.* at 95. Here, the record shows that since June 2015, Defendants had been moving towards terminating Perez's employment in response to the litany of complaints made about his job performance: his "repeated failure to perform [his] duties," his "disturbing" behavior, and his "incompetence." Joint App'x 904-39.[2] Defendants ultimately terminated Perez in April 2016, citing fraud—his denial and nondisclosure of past employment issues—that they alleged he

---

[2] Perez acknowledges that issues related to his job performance at DCAS had been raised as early as September 2014 and were ongoing through October 2015, when he made his reasonable accommodation request.

3

1　committed while applying for employment with DCAS. See id. 158-60, 162; see generally
2　N.Y. Civ. Serv. § 50(4)(h). The record leaves no doubt that his termination grew out of the
3　ongoing disciplinary investigation that Defendants initiated regarding Perez in June 2015,
4　four months *before* Perez made his reasonable accommodation request, and of which the
5　fraud issue was only the most recent component. Consequently, the mere temporal
6　proximity of Perez's protected activity and his termination cannot support an inference of
7　the requisite causal connection. See *Slattery*, 248 F.3d at 95.

8　On appeal, Perez argues principally that the *Slattery* principle does not apply because
9　(in his view) Defendants' discovery of the job-application issue is unrelated to the
10　disciplinary investigation. He thus charges the District Court with error in resolving disputed
11　facts against him as to this issue at summary judgment, asserting that a jury could have found
12　retaliation based on temporal proximity and the delay before DCAS made a decision on his
13　accommodation request. We are not persuaded.

14　The record evidence of complaints about Perez's behavior and management's related
15　concerns is overwhelming, and the fraud investigation was part and parcel of the disciplinary
16　process: Perez has not adduced sufficient evidence to allow a reasonable jury to decide that
17　retaliation for his ADA accommodation led to his termination. *See, e.g.*, Joint App'x 397,
18　786-88; *see also id.* 567 (Defendants' October 7, 2015 memorandum to Perez, issued before
19　the October 15, 2015 accommodation request, directing him to appear before the Office of
20　Disciplinary Proceedings). As discussed above, Defendants' decision to fire Perez for
21　application fraud was "both part, and the ultimate product, of" the proceedings that began
22　before Perez's October 2015 accommodation request, and the entry of summary judgment
23　for Defendants was therefore not error. *Slattery*, 248 F.3d at 95.

24　　　　　　　　　　　　　　　* * *

25　We have considered Perez's remaining arguments and find in them no basis for
26　reversal. For the foroing reasons, the decision of the District Court is **AFFIRMED**.



28　　　　　　　　　　　　　　　　　FOR THE COURT:
　　　　　　　　　　　　　　　　　　Catherine O'Hagan Wolfe, Clerk of Court

4